UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARMEN BARBOSA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>THE PROVIDENCIA GROUP, LLC,<br><br>Defendant. | Complaint - Class Action<br><br>Jury Trial Demanded<br><br>Civil Case No.: |

**COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Carmen Barbosa, individually and on behalf of all others similarly situated, by and through her attorneys, Brown, LLC, hereby brings this Collective Action Complaint against Defendant The Providencia Group, LLC, and alleges, of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiff Carmen Barbosa ("Plaintiff") brings this action individually and on behalf of all other similarly situated hourly-paid, non-exempt employees, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant The Providencia Group, LLC's ("Defendant" or "TPG") willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*

2. Additionally, Plaintiff brings this action under Puerto Rico laws to recover unpaid wages, overtime wages, plus interest, liquidated damages, and reasonable attorneys' fees and costs under 29 L.P.R.A. §§ 250, *et seq.*, 263, *et seq.*, 271, *et seq.*, and 274, *et seq* (collectively referred to as the "Puerto Rico Wage-and-Hour Laws").

3. Defendant The Providencia Group, LLC is a foreign limited liability company

headquartered in Ashburn, Virginia. Defendant employs hourly-paid non-exempt employees, including Plaintiff, who perform essential work-related tasks in support of Defendant's operations.

4. Plaintiff and the putative FLSA collective are hourly-paid non-exempt employees who, during the relevant period, were regularly required to perform significant off-the-clock work, including but not limited to conducting sponsor assessments, preparing case summaries and documentations, updating case files, communicating with sponsors, coordinating reunifications, onboardings, trainings, responding to emails, and completing information in computer systems for Defendant, in excess of their forty (40) hours worked during their scheduled shifts.

5. This off-the-clock work was integral and indispensable to their principal job duties and was performed at Defendant's direction and for Defendant's benefit. Defendant failed to record or compensate Plaintiff and similarly situated employees for this off-the-clock work, resulting in unpaid overtime wages for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

6. Plaintiff asserts these FLSA claims individually and on behalf of a putative FLSA Collective ("FLSA Collective"), defined as:

> *All hourly-paid, non-exempt employees of Defendant who performed work in the United States, Puerto Rico, or in any other location covered by the FLSA at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

7. Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all such employees, informing them of their rights to assert FLSA claims in this collective action by filing consent forms.

8. Plaintiff also asserts claims under Puerto Rico wage and hour law individually and on behalf of a putative Puerto Rico Rule 23 Class ("Puerto Rico Class"), defined as:

> *All hourly-paid, non-exempt employees of Defendant who performed work in Puerto Rico at any time from five (5) years prior to the filing of this Complaint*

*through the date of judgment.*

9. Defendant has willfully and intentionally committed widespread violations of the FLSA and corresponding regulations, in the manner described herein, by failing to pay Plaintiff and similarly situated employees for all hours worked, including overtime hours, as required by law.

**PARTIES**

10. Plaintiff Carmen Barbosa is a resident of Miami-Dade County in Florida and Carolina Municipality in Puerto Rico.

11. Plaintiff was employed by Defendant starting on or about April 2021 until approximately May 2025.

12. From 2021 to late 2024, Plaintiff lived part of the year in Miami and part of the year in Puerto Rico, working remotely from both locations. During this period, Plaintiff would travel between Miami and Puerto Rico for six-month periods.

13. Beginning in November 2024, she worked primarily from Puerto Rico and lived in Puerto Rico until the end of her employment.

14. In September 2021, Plaintiff was assigned to a deployment at Fort Dix, New Jersey, for a period of about twenty (20) days.

15. In July 2021 through August 2021, Plaintiff was assigned to a deployment at Fort Bliss, Texas, for a period of about thirty-five (35) days.

16. Plaintiff's written consent to become an FLSA party plaintiff is attached hereto as Exhibit 1.

17. Defendant employed Plaintiff Carmen Barbosa first as a Case Manager and then as a Unification Specialist.

18. Defendant The Providencia Group, LLC is a limited liability company created and existing under and by virtue of the laws of the Commonwealth of Virginia.

19. Defendant maintains its headquarters and principal place of business at 19775 Belmont Executive Plaza, Suite 450, Ashburn, Virginia 20147-7609.

## JURISDICTION AND VENUE

20. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

21. This Court has supplemental jurisdiction over the Puerto Rico claims pursuant to 28 U.S.C. § 1367 because they are part of the same case and controversy as Plaintiff Barbosa's federal claims.

22. The Court has personal jurisdiction over Defendant because Defendant is domiciled in Virginia.

23. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District.

## FACTUAL ALLEGATIONS[1]

24. Defendant employs hourly paid, non-exempt employees.

25. Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

26. Defendant is an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of five (5) years prior to the filing of this Complaint through the present.

27. Defendant provides services through its employees, including hourly-paid, non-exempt employees such as Unification Specialists, Case Managers, and Team Leads.

28. Defendant employs some hourly-paid, non-exempt employees directly, and employs other such employees jointly with subcontracted entities, such as Caduceus Humanitarian Services, Inc.

29. Caduceus Humanitarian Services, Inc. is a government contractor that specializes in healthcare and border security, based in Marietta, Georgia, with a principal place of business located at 1850 Parkway Place, Suite 725, Marietta, Georgia 30067.

30. Hourly-paid, non-exempt employees are responsible for performing a variety of work-related tasks, including but not limited to conducting sponsor assessments, preparing case summaries and documentations, updating case files, communicating with sponsors, coordinating reunifications, onboardings, trainings, responding to emails, and completing information in computer systems for Defendant.

31. Hourly-paid, non-exempt employees are compensated on an hourly basis and not on a salary basis.

32. Defendant requires hourly-paid, non-exempt employees to follow work schedules that typically consist of at least forty (40) hours per week.

33. In addition to their scheduled hours, Defendant suffers and permits hourly-paid, non-exempt employees to regularly perform substantial off-the-clock work, including, but not limited to, responding to work-related emails, conducting case follow-ups, and completing computer-based tasks outside of their recorded work hours.

34. Hourly-paid, non-exempt employees are generally scheduled to work shifts that total forty (40) hours in a workweek, for example, five shifts, each running from eight o'clock in

the morning (8:00 a.m.) to five o'clock at night (5:00 p.m.).

35. Hourly-paid, non-exempt employees regularly spend a significant number of hours per week performing off-the-clock work, in excess of their forty (40) hours worked during their scheduled shifts.

36. The work hourly-paid, non-exempt employees perform off the clock includes sending and receiving work emails and Microsoft Teams messages, performing sponsor assessments, uploading sponsor and child documents, running searches, scheduling fingerprinting and medical appointments, completing time-sensitive case follow-ups, and completing mandatory training modules.

37. Defendant's timekeeping system and pay practices do not permit hourly-paid, non-exempt employees to record or be compensated for hours worked in excess of their forty (40) hours worked during their scheduled shifts.

38. Defendant is aware, or should be aware, that hourly-paid, non-exempt employees are performing this compensable work in excess of their forty (40) hours worked during their scheduled shifts, as the completion of these tasks is integral and indispensable to their principal job activities.

39. Managers are aware of the work being performed after hours because the messages and emails are sent late at night, well past five o'clock p.m. (5:00 p.m.).

40. Defendant fails to pay hourly-paid, non-exempt employees for all hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times their regular rate of pay, as required by the FLSA.

41. Defendant fails to include substantial off-the-clock hours in its determination of each hourly-paid, non-exempt employee's hours worked in each workweek, resulting in a

systematic underpayment of overtime compensation owed under the FLSA.

42. Defendant further fails to make, keep, and preserve accurate records of all hours worked by hourly-paid, non-exempt employees, as required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2.

43. Defendant's records reflect only scheduled and recorded hours, not all hours actually worked, including the substantial off-the-clock work regularly performed by hourly-paid, non-exempt employees.

44. As a result of Defendant's illegal policies and practices, there have been many weeks in which Defendant has failed to compensate members of the FLSA Collective for hours worked in excess of forty (40) per workweek as required by the FLSA.

45. Defendant's actions are not taken in good faith or in conformity with or reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

46. Defendant's conduct and practices, as described herein, are willful, intentional, unreasonable, arbitrary, and in bad faith. Defendant knows or has reason to know that hourly-paid, non-exempt employees are performing uncompensated work in excess of their forty (40) hours worked during their scheduled shifts, and Defendant's records are inaccurate or inadequate to capture all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff re-alleges and incorporates all previous paragraphs herein.

48. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of the FLSA Collective, as defined above.

49. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were subject to the same or similar unlawful policies and practices as stated herein; and (c) their claims are based upon the same factual and legal theories.

50. Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

51. The employment relationships between Defendant and the FLSA Collective members are substantially similar. Defendant subjected all hourly-paid employees to the same timekeeping restrictions and the same unlawful policies requiring off-the-clock work, resulting in unpaid overtime for every Collective member. Any differences among employees relate only to individualized damages and do not alter the common questions of liability presented in this case.

52. The collective action further alleges a willful violation of the FLSA and seeks an additional third year of limitations.

53. Plaintiff seeks to send notice to the FLSA Collective members, informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

54. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims, a type of claim that has often been pursued on a collective basis. The manner of identifying the collective and providing any monetary relief to it can be determined through a review of the Defendant's records.

55. Plaintiffs estimate the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

56. Plaintiff and the putative FLSA Collective members demand a trial by jury.

**RULE 23 PUERTO RICO CLASS ACTION ALLEGATIONS**

57. Plaintiff also brings this action individually and on behalf of the Rule 23 Puerto Rico Class as defined above pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure ("FRCP").

58. The members of the Puerto Rico Class are so numerous that joinder of all class members would be impractical. Plaintiff reasonably estimates that there are at least forty members of the Puerto Rico Class. Class members should be identifiable from Defendant's computer systems and electronic payroll and personnel records.

59. There is a well-defined community of interest among the Puerto Rico Class members, and common questions of law and fact predominate over any questions affecting individual members. These common questions include, but are not limited to, the following:

a. Whether Puerto Rico Class members worked more than eight (8) hours in a day or more than forty (40) hours in a week;

b. Whether Defendant's policies caused Puerto Rico Class members to under report hours;

c. Whether Defendant knew that Puerto Rico Class members were working uncompensated hours; and

d. whether Defendant's conduct was willful and or not in good faith.

60. Plaintiff's claims are typical of the claims of the Puerto Rico Class. Plaintiff and all other Puerto Rico Class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll practices and policies. Plaintiff's claims arise from the same practices and course of conduct as the claims of the Puerto Rico Class and rely on the same legal theories.

61. Plaintiff will fully and adequately protect the interests of the Puerto Rico Class. Plaintiff has retained counsel who are qualified and experienced in wage-and-hour class litigation. Neither Plaintiff nor her counsel has interests contrary to or in conflict with the interests of the Puerto Rico Class.

62. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Puerto Rico Class members to pursue individual actions given the limited value of their individual claims and the risk of employer retaliation. A Rule 23 class action will eliminate the possibility of duplicative litigation.

63. This case will be manageable as a Rule 23 class action. Defendant's electronic payroll and personnel records will allow the class issues and damages to be resolved efficiently.

64. Because the requirements of Rule 23(b)(3) are satisfied, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

65. Because Defendant acted or refused to act on grounds that apply generally to the Puerto Rico Class and declaratory relief is appropriate with respect to the class as a whole class, certification pursuant to Rule 23(b)(2) is also appropriate

66. Plaintiff and the putative Puerto Rico Rule 23 Class members demand a trial by jury.

**COUNT I**
**(Brought by Plaintiff Barbosa on an Individual and Collective Basis)**
**VIOLATION OF THE FLSA, 29 U.S.C. § 207(a)(1)**
**FAILURE TO PAY WAGES FOR ALL OVERTIME HOURS WORKED**

67. Plaintiff re-alleges and incorporates all previous paragraphs herein.

68. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half (1.5) times the regular rate at which he is employed.

69. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

70. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

71. Defendant violated the FLSA by failing to pay Plaintiff and the FLSA Collective members overtime wages earned for all hours worked.

72. Defendant suffered and permitted Plaintiff and the FLSA Collective members to regularly perform uncompensated off-the-clock work in excess of forty (40) hours per workweek.

73. Defendant's violations of the FLSA were knowing and willful. See 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

74. Because Defendant willfully violated the FLSA, a three (3) year statute of

limitations applies to such violations pursuant to 29 U.S.C. § 255(a).

75. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and FLSA Collective were illegally deprived of overtime wages earned, in such amounts to be determined at trial.

76. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or his unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**(Brought by Plaintiff Barbosa on an Individual and Class Basis)**
**VIOLATION OF L.P.R.A., 29 L.P.R.A. §§ 250, *et seq.*, 263, et seq., 271 *et seq.*,**
**FAILURE TO PAY OVERTIME FOR ALL HOURS WORKED**

77. Plaintiff re-alleges and incorporates all previous paragraphs herein

78. 29 L.P.R.A.§ 274 provides, in relevant part:

> Any employer who employs or allows an employee to work overtime shall be required to pay such employee for each extra hour, at a rate of not less than one and one-half times the regular pay rate;

79. At all relevant times, Defendant was an "employer" of Plaintiff and the Puerto Rico Class members within the meaning of Puerto Rico Wage-and-Hour Laws. *See* 29 L.P.R.A. §§ 250(b), 261(b), 288.

80. At all relevant times, Plaintiff and the Puerto Rico Class members were "employees" within the meaning of Puerto Rico Wage-and-Hour Laws. *See* 29 L.P.R.A. §§ 250(b), 261(b), 288.

81. Defendant violated Puerto Rico Wage-and-Hour Laws by failing to pay Plaintiff and the Puerto Rico Class members overtime wages earned for all hours worked. *See* 29 L.P.R.A. §§ 273, 274.

82. Defendant suffered and permitted Plaintiff and the Puerto Rico Class members to

regularly perform uncompensated off-the-clock work in excess of eight (8) hours per workday and forty (40) hours per workweek while working in Puerto Rico.

83. Defendant's conduct has been willful, intentional, unreasonable, arbitrary, and in bad faith. Defendant's policies and practices were intended to deprive hourly workers of their overtime intentionally.

84. As a result of Defendant's violations of Puerto Rico Wage-and-Hour Laws, Plaintiff and the Puerto Rico Class members are entitled to recover unpaid overtime wages, plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action, subject to a five-year statute of limitations. *See* 29 L.P.R.A. §§ 250(i), 263(c), 263(d), 282.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

A. A declaratory judgment that Defendant's wage and hour practices alleged herein violate the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*;

B. A declaratory judgment that Defendant's wage and hour practices alleged herein violate the Puerto Rico Wage and Hour Laws ("PRWHL"), including 29 L.P.R.A. §§ 250 *et seq.*, 263 *et seq.*, and 271 *et seq.*;

C. An Order for injunctive relief ordering Defendant to comply with the FLSA and to cease the unlawful wage and hour practices alleged herein, including but not limited to failing to pay all overtime wages due for all hours worked over forty (40) in a workweek and failing to maintain accurate records of hours worked;

D. An Order for injunctive relief requiring Defendant to comply with PRWHL and to

cease the unlawful wage and hour practices alleged herein, including but not limited to failing to pay all overtime wages due for all hours worked over forty (40) in a workweek;

E. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

F. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to the PRWHL claims;

G. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment, and locations of employment of all FLSA Collective and Puerto Rico Class Members;

H. Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA Collective and Puerto Rico Class Members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective and Puerto Rico Class Members of their rights by law to join and participate in this lawsuit;

I. Designating Plaintiff Carmen Barbosa as the representative of the FLSA Collective and Puerto Rico Class in this action;

J. Designating the undersigned counsel as counsel for the FLSA collective and Puerto Rico Class in this action;

K. Granting judgment for damages for all unpaid overtime wages and an equal amount as liquidated damages to which Plaintiff and the FLSA Collective Members are lawfully entitled under the FLSA;

L. Granting judgment for damages for all unpaid overtime and an additional equal amount in liquidated damages to which Plaintiff and the Puerto Rico Class Member are lawfully

entitled under PRWHL;

M. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and PRWHL;

N. Awarding pre- and post-judgment interest as permitted by law;

O. An incentive award for the Plaintiff for serving as representative of the FLSA collective and the Puerto Rico Class in this action;

P. Such other and further relief as this Court may deem necessary, just, and proper.

**JURY DEMAND**

Plaintiff, individually and on behalf of all other similarly situated employees as members of the FLSA collective, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Respectfully Submitted,

Dated: January 6, 2026

**GOLDBERG FINNEGAN CANNON, LLC**

By: /s/ Curtis Cannon
Curtis Daniel Cannon, Esq.
8401 Colesville Road, Suite 630
Silver Spring, MD 20910
T: (301) 589-2999
F: (301) 589-2644
ccannon@goldbergfinnegan.com

*Local Counsel for Plaintiff*

Nicholas Conlon (to seek PHV)
Michael Rinderman
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000

F: (855) 582-5279
nicholasconlon@jtblawgroup.com
michael.rinderman@jtblawgroup.com

*Lead Counsel for Plaintiff*